1  JOSHUA S. GOODMAN, ESQ. - State Bar #116576
   jgoodman@gnhllp.com
2  PAIGE P. YEH, ESQ. - State Bar #229197
   pyeh@gnhllp.com
3  GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
4  San Francisco, California  94104
   Telephone:  (415) 705-0400
5  Facsimile:  (415) 705-0411

6  Attorneys for Plaintiff HOME DEPOT U.S.A., INC.

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  HOME DEPOT, U.S.A., INC.                Case No.  2:18-cv-3051

12                          Plaintiff,      **COMPLAINT FOR**

13  vs.                                     1.  **Declaratory Relief**
                                            2.  **Breach of Contract**
14  TWIN CITY FIRE INSURANCE                3.  **Bad Faith**
    COMPANY, NATIONAL UNION
15  FIRE INSURANCE COMPANY OF               **JURY TRIAL DEMANDED**
    PITTSBURGH, PA and DOES 1-20
16                          Defendants.

17

18                                 **PARTIES**

19       1.    Plaintiff HOME DEPOT U.S.A., INC. (hereinafter collectively "Home

20  Depot") alleges as follows:

21       2.    Home Depot is a Delaware corporation, and has its principal place of

22  business in Atlanta, Georgia. Home Depot is a national retailer operating stores

23  throughout the United States, including in California.

24       3.    Plaintiff is informed and believes and on that basis alleges that Defendant

25  TWIN CITY FIRE INSURANCE COMPANY (hereinafter "Hartford") is in the business

26  of selling insurance, and conducts this business in all 50 States of the United States of

27  America, including in California and at all relevant times did business in California.

28  Plaintiff is informed and believes and on that basis alleges that Hartford is an Indiana

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-

COMPLAINT

Corporation with its principal place of business in Indianapolis, Indiana.

4.     Plaintiff is informed and believes and on that basis alleges that Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter "AIG") is in the business of selling insurance, and conducts this business in all 50 States of the United States of America, including in California and at all relevant times did business in California. Plaintiff is informed and believes and on that basis alleges that AIG is a Pennsylvania Corporation with its principal place of business in New York, New York.

5.     Home Depot alleges that the true names and capacities of defendants named herein as DOES 1 through 20 are unknown to Home Depot, who therefore sues these defendants by these fictitious names. Home Depot will seek leave to amend this Complaint to show the defendants' true names and capacities when these have been ascertained. Home Depot is informed and believes, and thereon alleges, that DOES 1 through 20 are, and at all relevant times were, authorized to do and doing insurance business in the State of California.  Home Depot is informed and believes and on that basis alleges that DOES 1 through 20 are in some manner legally responsible to Home Depot for the claims and liabilities alleged in this Complaint.

**JURISDICTION AND VENUE**

6.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff is a Delaware Corporation with its principal place of business in Atlanta, Georgia, the Defendants are Indiana and Pennsylvania corporations with their principal places of business in Indianapolis, Indiana and New York, New York, and the amount in controversy exceeds $75,000.

7.     This Court has personal jurisdiction over Defendants because the acts which form the basis of this action occurred in California, namely the injury and lawsuit for which coverage was sought took place in Riverside County, California.

8.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) as this Court has personal jurisdiction over Defendants.

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

COMPLAINT

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

### GENERAL ALLEGATIONS

9.      On or about November 4, 2015, Cheyenne Angle (hereinafter "Angle") filed an action in the Superior Court of California, County of Riverside, Action No. RIC1513159 (hereinafter "Angle Lawsuit"). In the Angle Lawsuit, Angle alleged, among other things, that he was injured on or about November 11, 2013 by a Victor Electronic Rat Trap, Model m240 (hereinafter "Victor Rat Trap") while examining it in a Home Depot store located in Corona, California.  The Angle Lawsuit set forth causes of action for General Negligence and Products Liability.

10.      On or about April 13, 2017, during the course of the Angle Lawsuit, Angle's expert, Dr. Michael Morse, testified that the Victor Rat Trap was defectively designed and that the defects in its design caused or contributed to Angle being injured by the Victor Rat Trap.

11.      The Victor Rat Trap was manufactured and distributed to Home Depot by Woodstream Corporation (hereinafter "Woodstream").  Woodstream's products, including the Victor Rat Trap, were distributed to and sold by Home Depot pursuant to a Supplier Buying Agreement (hereinafter "SBA") entered into between Woodstream and Home Depot.  Provisions of the SBA obligated Woodstream to have Home Depot named as an additional insured on its commercial general liability insurance policies and also to defend and indemnify Home Depot with respect to claims such as the Angle Lawsuit.

12.      Woodstream was insured through a policy of primary insurance issued by Defendant Hartford, policy number 13CESOA0368, with a policy period of 09/01/2013 to 09/01/20 and with coverage limits of $1M per occurrence and $2M general aggregate (hereinafter the "Hartford Policy"). A Certificate of Insurance issued on October 16, 2013 reflected that Home Depot was an additional insured under the Hartford Policy and specifically that "Home Depot USA, Inc., its affiliates and subsidiaries are named additional insured with respects to the General Liability under broad form vendors endorsement."  In addition, the Hartford Policy specifically obligates Hartford to defend and indemnify Home Depot as a vendor of Woodstream products.

COMPLAINT

13.     On or about May 12, 2017, Home Depot tendered its defense of the Angle Lawsuit to Woodstream and Hartford.  The tender to Hartford was based on Home Depot's status as an additional insured under Hartford's policy issues to Woodstream.  At that time, Home Depot advised Hartford that there was a mediation of the Angle Lawsuit scheduled for May 22, 2017 and that trial was at that time scheduled for May 26, 2017.

14.     On or about May 18, 2017, Home Depot tendered its defense of the Angle Lawsuit to AIG as an additional insured under the policy of excess insurance that it issued to Woodstream.  AIG issued a commercial umbrella liability policy to Woodstream, policy number BE 013587699, with a policy period of 09/01/13 to 09/01/14 and with coverage limits of $25M per occurrence and in the aggregate (hereinafter the "AIG Policy").  A Certificate of Insurance issued on October 16, 2013 reflected that Home Depot was an additional insured under the AIG Policy and specifically that "Home Depot USA, Inc., its affiliates and subsidiaries are named additional insured with respects [sic.] to the General Liability under broad form vendors endorsement."  In addition, the AIG Policy provides that Home Depot is an Insured as a vendor of Woodstream products.

15.     In the May 18, 2017 tender letter to AIG, Home Depot advised AIG that there was a mediation of the Angle Lawsuit scheduled for May 22, 2017 and that trial was at that time scheduled for May 26, 2017.  On May 19, 2017, Christine Smith of AIG contacted counsel for Home Depot and by email and letter acknowledged receipt of the tender of defense of the Angle Lawsuit and advised Home Depot that Ms. Smith would be attending the mediation scheduled for May 22, 2017.

16. On or about May 18, 2017, Richard Abramson, who was employed by Sedgwick Claims Management Services, Inc. and at all relevant times was acting as an agent for Hartford, emailed counsel for Home Depot advising Home Depot that he was the claims handler for this Angle Lawsuit under the Hartford Policy and requesting certain information, including defense counsel status reports.  Subsequent to that email, counsel for Home Depot called Mr. Abramson and advised him that he could not be sent defense counsel status reports and evaluations until Hartford acknowledged an obligation

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

COMPLAINT

to defend Home Depot with respect to the Angle Lawsuit as those documents were protected by the attorney-client and attorney work product privileges.  Approximately 4 hours later, Mr. Abramson again emailed counsel for Home Depot stating that "Twin City Fire Insurance Company has advised me they are accepting Home Depots [sic.] defense and indemnity without any reservation."  In reliance on this statement by Mr. Abramson, counsel for Home Depot promptly emailed Mr. Abramson all the documents he requested, including defense counsel's privileged report and evaluation.

17.    On or about May 22, 2017, Caylene Frechette of Hartford emailed counsel for Home Depot and reported that she and Richard Abramson spoke with defense counsel representing Home Depot in the Angle Lawsuit and that Mr. Abramson would be attending the mediation on behalf of Hartford scheduled for later that same day.

18.    Both Hartford and AIG attended the mediation of the Angle Lawsuit on May 22, 2017.

19.    On or about May 23, 2017 and again on or about May 24, 2017 Home Depot demanded in writing that Hartford and AIG agree to the proposal to settle the Angle Lawsuit rather than to allow the case to go to trial which would "likely result in a verdict for Plaintiff [Angle] and a judgment that could easily exceed the … settlement proposal." At that time, Angle's settlement proposal was for an amount that was in excess of Hartford's primary limits of $1M but well within the combined policy limits of Hartford and AIG.

20.    On or about May 25, 2017, Hartford denied Home Depot's tender of defense, without even mentioning that it had already agreed to defend and indemnify Home Depot in the Angle Lawsuit "without any reservation."  In its May 25, 2017 letter, Hartford for the first time raised policy exclusions, purported contractual obligations between Home Depot and Woodstream, and the timing of Home Depot's tender to Hartford and denied even a duty to defend Home Depot. This denial was based on one theory of what may have happened that caused Angle's injuries and ignored other theories.  Specifically, Hartford stated that:  "Based on the allegations in the [Angle]

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

COMPLAINT

Lawsuit, the Plaintiff is seeking damages as a result of bodily injury that he sustained from a rat trap that was allegedly returned to Home Depot by a prior customer and placed back on to the shelf with the batteries still in the product. Since these allegations fall within exclusionary language cited above, please be advised that Home Depot does not qualify as an additional insured on the Policy and, accordingly, The Hartford has no obligation to defend or indemnify Home Depot in the [Angle] Lawsuit." Notwithstanding these statements and its refusal to defend Home Depot, Hartford agreed to contribute its policy limits towards settlement conditioned on "a full and final release of any and all claims or potential claims that may arise against Woodstream in connection with the [Angle] Lawsuit."

21. On or about May 26, 2017, Angle made a written settlement demand to Home Depot in the same amount as the prior settlement proposal, which was an amount that was in excess of Hartford's primary limits of $1M but well within the combined policy limits of Hartford and AIG. This settlement demand was communicated to Hartford and to AIG on or about May 26, 2017.

22. On or about May 26, 2017 AIG wrote to Home Depot and refused to agree to make any contribution towards the settlement of the Angle Lawsuit. AIG cited the timing of Home Depot's tender to AIG and Hartford's conclusion that Home Depot did not qualify as an Additional Insured under the Hartford Policy. Specifically, AIG stated: "To the extent Home Depot is not an insured under the Hartford/Twin City Policy, Home Depot would not be an additional insured under the National Union Policy."

23. On or about June 5, 2017, Home Depot wrote to AIG responding to the questions and issues it raised in its May 26, 2017 letter and reiterating Home Depot's demand that AIG agree to the settlement demand, which would require a payment by AIG of an amount well within its policy limits. By this time, trial of the Angle Lawsuit had been continued to July 14, 2017. In that letter, Home Depot specifically responded to the "late tender" argument raised by AIG by citing case law, including the case of *Belz v Clarendon America Ins. Co.* (2007) 158 Cal. App. 4th 615 in which a carrier was

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-6-
COMPLAINT

obligated to pay a default judgment, even though it had been deprived of any ability to investigate or defend the underlying lawsuit.  The court stated: "We conclude that where a default judgment results from a lack of notice by the insured, (1) the insurer is liable on the judgment unless it suffered actual, substantial prejudice, and (2) the mere inability to investigate the claim thoroughly or to present a defense in the underlying suit does not satisfy the prejudice requirement." (*Id.* at 620).  Home Depot also cited *Billington v. Interinsurance Exchange* (1969) 71 Cal.2d 728, 737 in which the California Supreme Court held that "an insurer, in order to establish it was prejudiced by the failure of the insured to cooperate in his defense, must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured's favor."

24.     On or about June 20, 2017 AIG stated in writing to Home Depot that its policy defines "Insured" as "any person or organization, other than the **Named Insured**, included as an additional insured under **Scheduled Underlying Insurance**, but not for broader coverage than would be afforded by such **Scheduled Underlying Insurance**." AIG then confirmed that "Home Depot qualifies as an additional insured vendor under the Hartford policy." Notwithstanding these conclusions, AIG continued to refuse to fund any portion of the settlement of the Angle Lawsuit.

25.     On or about July 12, 2017, trial of the Angle Lawsuit was continued from July 14, 2017 to September 1, 2017.

26.     In or around early to mid-August of 2017, Home Depot discussed with Hartford and AIG a proposal to submit the Angle Lawsuit to binding arbitration with a high-low stipulation such that any arbitration award above the high limit would be reduced to the high limit and any award below the low limit would be increased to the low limit.  Neither Hartford nor AIG raised any objections to this proposal and on or about August 18, 2017, AIG stated that it "does not object to Home Depot's defense counsel making a high-low offer to plaintiffs."

27.     On or about August 31, 2017 Home Depot and Angle entered into a

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

Stipulation for Arbitration.  Under the terms of this stipulation, the Angle Lawsuit would be submitted to binding arbitration with a high-low stipulation, such that if the arbitrator's award was more than agreed upon high amount the award would be reduced to the agreed upon high amount and if it was less than the agreed upon low amount it would be increased to the agreed upon low amount.  Home Depot advised Hartford and AIG of this stipulation on or about September 8, 2017.

28.    The Angle Lawsuit was submitted to binding arbitration and on or about November 14, 2017 the arbitrator rendered an award in favor of Angle and against Home Depot in the amount that exceeded the agreed upon high amount.  The arbitrator expressly found that the Victor Rat Trap failed to perform as safely as an ordinary consumer would have expected when used or misused in an intended or reasonably foreseeable way; that the Victor Rat Trap's design outweighed the benefits of that design; and that the Victor Rat Trap's design was a substantial factor in causing harm to Plaintiff Angle. Pursuant to the terms of the Stipulation for Arbitration entered into between Angle and Home Depot, this award was reduced to the agreed upon high amount.

29.    On or about November 21, 2017, Home Depot provided the Arbitration Award to Hartford and AIG and demanded that they fund the payment of this Arbitration award, which was an amount in excess of Hartford's primary limits of $1M but well within the combined policy limits of Hartford and AIG and also all post-tender fees and costs incurred in defending the Angle Lawsuit. Home Depot asked that Hartford and AIG confirm by December 1, 2017 that they will pay these amounts.

30.    On or about November 30, 2017 AIG wrote to Home Depot and stated that AIG was "not obligated to indemnify Home Depot for any amount of the Arbitration Award" and that AIG "denies Home Depot's request for coverage under the National Union [AIG] Policy issued to Woodstream Corporation."

31.    Home Depot paid the arbitration award to Angle on or about December 6, 2017.

32.    On or about December 13, 2017, Hartford reiterated its position that Home

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

1   Depot did not qualify as an Additional Insured with respect to the Angle Lawsuit and that

2   Hartford had no obligation to defend or indemnify Home Depot with respect to that

3   lawsuit. Hartford renewed its offer to pay its policy limits towards a settlement of the

4   Angle Lawsuit conditioned upon "a full and final release of all claims or potential claims

5   that may arise against Woodstream in connection with the [Angle] Lawsuit."

6        33.     To date both Hartford and AIG have refused to defend or indemnify Home

7   Depot with respect to the Angle Lawsuit and have refused to pay the Arbitration Award

8   rendered in the Angle Lawsuit.

## FIRST CAUSE OF ACTION
(Declaratory Relief)

11        34.     Home Depot hereby incorporates by reference paragraphs 1 through 33 of

12   this Complaint as if fully set forth herein.

13        35.     Home Depot qualifies as an Additional Insured or as an Insured under both

14   the Hartford Policy and the AIG Policy with respect to the Angle Lawsuit.  The Angle

15   Lawsuit includes claims against Home Depot based on defects in the design of the Victor

16   Rat Trap provided to Home Depot by Woodstream pursuant to an agreement that

17   required Woodstream to have Home Depot named as an Additional Insured under all its

18   liability insurance policies.  Woodstream did have Home Depot named as an Additional

19   Insured under both the Hartford Policy and the AIG Policy.

20        36.     The Angle Lawsuit involved an injury to Angle caused by an allegedly

21   defective Woodstream product that occurred during the policy periods of both the

22   Hartford Policy and the AIG Policy. In rendering an arbitration award in favor of Angle,

23   the Arbitrator expressly found that the Victor Rat Trap failed to perform as safely as an

24   ordinary consumer would have expected when used or misused in an intended or

25   reasonably foreseeable way; that the Victor Rat Trap's design outweighed the benefits of

26   that design; and that the Victor Rat Trap's design was a substantial factor in causing harm

27   to Plaintiff Angle.

28        37.     Hartford and AIG have not and cannot establish that any delay in tendering

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

the defense of the Angle Lawsuit caused them to suffer actual and substantial prejudice, rather than merely the inability to investigate the Angle Lawsuit thoroughly or to present a defense in that action or that there is a substantial likelihood the trier of fact would have found in the Home Depot's favor in the Angle Lawsuit had the tender to Hartford and AIG been made earlier.

38.     Furthermore, Hartford and AIG cannot avail themselves of a defense to coverage based on a late tender or breach of the cooperation clause argument, as Hartford has stated that Home Depot would not have been covered for the Angle Lawsuit even had the tender been timely made.

39.     Hartford is also estopped to raise any coverage defenses based on its unconditional acceptance of the obligation to defend and indemnify Home Depot "without reservation" based upon which Home Depot provided Hartford with documents protected by the attorney-client and attorney work product privileges.

40.     The other policy exclusions raised by Hartford and AIG, including the repackaging exclusion, do not and cannot apply to defeat coverage for Home Depot under their polices because there was no repackaging, the terms of the exclusion do not apply to the Angle Lawsuit and even it this exclusion applied, there is a concurrent covered cause.

41.     Home Depot had a reasonable expectation of coverage under both the Hartford Policy and the AIG Policy for the Angle Lawsuit.

42.     A genuine dispute and controversy exists between Home Depot and Defendant insurers regarding whether their polices provide coverage for the Angle Lawsuit.

WHEREFORE, Home Depot prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
(Breach of Contract)

43.     Home Depot hereby incorporates by reference paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     Under the Hartford Policy, Hartford had a duty to defend and indemnify

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

1   Home Depot with respect to the Angle Lawsuit.

2   45.   Under the AIG Policy, AIG had a duty to indemnify Home Depot with
3   respect to the Angle Lawsuit.

4   46.   In breach of their contractual obligations owed to Home Depot under their
5   policies, Hartford and AIG have refused to defend or indemnify Home Depot with
6   respect to the Angle Lawsuit and have refused to pay the Arbitration award rendered in
7   that case, which was well within their combined policy limits.

8   47.    Home Depot has performed all of its obligations under both the Hartford
9   Policy and the AIG Policy.

10   48.   Home Depot has been damaged by Hartford's breach of its insurance
11   contract to defend and indemnify Home Depot with respect to the Angle Lawsuit and by
12   AIG's breach of its insurance contract to indemnify Home Depot with respect to the
13   Angle Lawsuit in an amount which greatly exceeds the jurisdictional minimum of this
14   court ($75,000).

15   WHEREFORE, Home Depot prays for judgment as set forth below.

16   **THIRD CAUSE OF ACTION**
17   (Bad Faith)

18   49.   Home Depot hereby incorporates by reference paragraphs 1 through 48 of
19   this Complaint as if fully set forth herein.

20   50.   Both the Hartford Policy and the AIG Policy contained an implied covenant
21   of good faith and fair dealing.

22   51.   In refusing to defend or indemnify Home Depot with respect to the Angle
23   Lawsuit, as alleged above, Hartford acted in bad faith and breached its covenant of good
24   faith and fair dealing.

25   52.   Specifically, Hartford unconditionally accepted its obligation to defend and
26   indemnify Home Depot with respect to the Angle Lawsuit "without reservation" in order
27   to obtain confidential and privileged documents.  After agreeing  to defend and indemnify
28   Home Depot "without reservation" and being provided with the confidential and

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

privileged documents it requested, and after speaking with defense counsel as a defending carrier, Hartford then, in bad faith and in breach of its covenant of good faith and fair dealing, declined to defend or indemnify Home Depot with respect to the Angle Lawsuit.  In addition, Hartford purported to rely on vague, ambiguous and inapplicable policy defenses to deny coverage to Home Depot.  Hartford's conduct was undertaken in bad faith and in breach of the covenant of good faith and fair dealing, with knowledge that it would injure Home Depot, and in conscious disregard of the rights of Home Depot, all of which constitutes malice and warrants an award of punitive damages.

53.    In refusing to indemnify Home Depot with respect to the Angle Lawsuit, as alleged above, AIG acted in bad faith and breached its covenant of good faith and fair dealing.

54.    Specifically, AIG refused to indemnify Home Depot with respect to the Angle Lawsuit by relying on vague, ambiguous and inapplicable policy defenses to deny coverage to Home Depot.  AIG's conduct was undertaken in bad faith and in breach of the covenant of good faith and fair dealing and with knowledge that it would injure Home Depot, and in conscious disregard of the rights of Home Depot, all of which constitutes malice and warrants an award of punitive damages.

55.    Home Depot has been damaged by Hartford's bad faith denial of its obligation to defend and indemnify Home Depot with respect to the Angle Lawsuit and by AIG's bad faith denial of its obligation to indemnify Home Depot with respect to the Angle Lawsuit in an amount which greatly exceeds the jurisdictional minimum of this court ($75,000).

WHEREFORE, Home Depot prays for judgment as set forth below.

### PRAYER

WHEREFORE, HOME DEPOT U.S.A., INC. prays for judgment as follows:

As to the First Cause of Action for Declaratory Relief:

1.  For a declaration that Hartford is and was obligated to defend and indemnify Home Depot with respect to the Angle Lawsuit.

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-12-

2. For a declaration that AIG is and was obligated to indemnify Home Depot with respect to the Angle Lawsuit.

As to the Second Cause of Action for Breach of Contract:

3. For an award against Hartford in the amount of the defense fees and costs incurred by Home Depot to defend the Angle Lawsuit plus the amount of the Arbitration Award in the Angle Lawsuit paid by Home Depot.

4. For an award against Hartford and AIG in the amount of the Arbitration Award in the Angle Lawsuit paid by Home Depot.

As to the Third Cause of Action for Bad Faith:

5. For an award against Hartford in the amount of the defense fees and costs incurred by Home Depot to defend the Angle Lawsuit.

6. For an award against Hartford and AIG in the amount of the Arbitration Award in the Angle Lawsuit paid by Home Depot.

7. For an Award against both Hartford and AIG in the amount of the attorneys' fees and costs incurred in this action to obtain policy benefits wrongfully withheld. (See *Brandt v. Superior Court* (1985) 37 Cal. 3d 813.)

8. For punitive damages against both Hartford and AIG.

On all Causes of Action:

9. For an award against both Hartford and AIG of prejudgment interest on all amounts awarded that are subject to prejudgment interest.

10. For costs of suit incurred herein

11. For such other and further relief as the court may deem just and proper.

DATED:  April 10, 2018                    GOODMAN NEUMAN HAMILTON LLP


By:  _/s/ Joshua S. Goodman_____
     JOSHUA S. GOODMAN
     PAIGE P. YEH
     Attorneys for Plaintiff HOME DEPOT
     U.S.A., INC.

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

COMPLAINT